## HAVERHILL INSURANCE COMPANY *v.* PRESCOTT.

A contract of insurance was made with a party resident in this state, and upon property situated here, by a Massachusetts mutual insurance company, which had not complied, in this state, with the obligations and requirements imposed by the laws of Massachusetts upon the like corporations chartered by our laws and acting in that state;—*Held* that such contract is not valid here, and an action upon the premium note can not be maintained.

The same obligations and disabilities that are imposed by the laws of Massachusetts upon such insurance companies, acting under our laws in that state, are imposed by our laws upon their corporations acting in this state.

ASSUMPSIT upon a note for assessments. The declaration set forth that the defendants, at Candia, on the 6th day of November, 1854, made their note or contract in

writing, a copy of which is annexed to the writ, whereby, for value received, they promise to pay to the plaintiffs, or their treasurer for the time being, the sum of five hundred dollars, in such portions and at such times as the directors of said company should, agreeably to their act of incorporation and by-laws, require; and thereafter the said directors did, agreeably to their act of incorporation and by-laws, assess upon said note, and require the plaintiffs to pay the sum of eighty-six dollars and twenty-five cents, which, though often requested, the defendants have neglected and refused to pay, &c.

The copy annexed to the writ is:

"For value received in policy No. 6307, dated the 6th day of November, 1854, issued by the Haverhill Mutual Fire Insurance Company, in the manufacturers' class, I promise to pay said company, or their treasurer for the time being, the sum of five hundred dollars, in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require. Number, date and amount to be inserted by the secretary.

PRESCOTT & PHILBRICK."

Judgment having been rendered for the plaintiffs at a former term, the action is now pending upon a writ of review. And the plaintiff moved to amend his declaration by inserting a new count, as follows:

"Also in a plea of the case, for that the defendants, at said Haverhill, to wit, at said Exeter, on the 6th day of November, 1854, by their note of hand, by them subcribed, for value received in policy No. 6307, dated the 6th day of November, 1854, issued by said company, in the mercantile class, promised to pay said company, or their treasurer for the time being, the sum of five hundred dollars, in such portions and at such times as the directors of said company might, agreeably to their act of incorpo-

Haverhill Insurance Company *v.* Prescott.

ration and by-laws, require; and the plaintiffs aver that the directors of said company, agreeably to their act of incorporation and by-laws, did, on the 16th day of June, 1855, at said Haverhill, assess upon and require the defendants to then and there pay to said company the sum of five dollars upon said note; (and the declaration proceeds to allege, in similar form, assessments of the following dates and amounts: April 14, 1856, $15; July 14, 1856, $5; September 8, 1856, $7.50; January 12, 1857, $2.50; April 13, 1857, $10; July 13, 1857, $26.25;) of all which the defendants then and there had notice, and the said several sums being assessed and required to cover the defendants' proportional part of the losses and expenses which had occurred in said mercantile class, at the said several times said assessments were made; whereby an action hath accrued to the plaintiffs to have and recover the said sums, amounting, in the whole, to the sum of seventy-one dollars and twenty-five cents."

To this amendment the defendants objected, as materially changing the cause of action; but it being shown that said Prescott & Philbrick were insured in but one policy in said company, and that both said counts are founded upon one and the same premium note, the amendment was allowed, subject to the defendants' exception.

With the general issue the defendants filed a brief statement, "that there is no such corporation as the Haverhill Mutual Fire Insurance Company; and that said plaintiffs have never complied with the laws of the Commonwealth of Massachusetts, nor with the laws of the State of New-Hampshire, so as to enable them to bring and maintain this action."

The plaintiffs offered in evidence a note, corresponding in all respects to the copy annexed to the writ, excepting the words "in the manufacturers' class," instead of which the words are "in the mercantile class."

The plaintiffs' evidence tended to prove that the Haverhill Mutual Fire Insurance Company was incorporated by the legislature of Massachusetts, by an act, approved February 19, 1831, for the term of twenty-eight years; that the company was duly organized and commenced its business of insurance on the 25th of December, 1841, having adopted a code of by-laws.

The defendants insisted that the plaintiffs, being a corporation established in Massachusetts, had not complied with the requirements, imposed by the laws of that state, upon insurance companies established by law in this state, and making insurance in Massachusetts, which laws of Massachusetts are made to apply to insurance companies in Massachusetts, doing business, by statute of December 15, 1852. Comp. Stat., 371, secs. 4, 5, 6.

No evidence was offered of any compliance here with these statutes, and it was admitted that they had not been complied with; but, it was insisted, both parties were *in pari delicto.*

A verdict was taken by consent, subject to the opinion of the court, at the law term, and the case was transferred.

*J. W. Towle,* for the defendants, contended that, as the plaintiff had not complied with the requisitions of the law in this state, the contract of insurance was invalid and the note without consideration; and that the plea that there is no such corporation is a plea in bar, and the defense may be shown under a brief statement; and he cited *School District* v. *Aldrich,* 13 N. H. 139; and to the first point he cited *Lewis* v. *Welch,* 14 N. H. 294; *Allen* v. *Deming,* 14 N. H. 140; *Boutelle* v. *Melendy,* 19 N. H. 196.

*Wood,* for the plaintiff, urged that the fourth, fifth and sixth sections of the Compiled Statutes (page 371) apply only where the insurance is taken by an agent, and that, in this case, the insurance was effected in Massachusetts,

directly with the officer, and not through an agent; and he also contended that the matter of the brief statement is available only in abatement; and, also, that if the statutes do apply, the defendants, being *in pari delicto*, can not take advantage of it.

BELLOWS, J. There is no objection to the amendment of the declaration upon the ground alleged, for the court can see that the identity of the cause of action is preserved. *Stevenson* v. *Mudget*, 10 N. H. 338. Nor is there any want of power to amend on review. *Burley* v. *Burley*, 6 N. H. 204.

The important question, then, is, whether the contract of insurance is valid in this state. By the law of this state of December, 1852 (Comp. Stat., 371, ch. 1279, secs. 4, 5, 6), it is provided that where, by the laws of another state, " any taxes, fines, penalties, deposits of money or of securities, statements, or other obligations or requirements of any description whatever, are or shall be imposed upon any mutual insurance company, incorporated by or organized under the laws of this state," or upon its agents, then " the same taxes, fines, penalties, deposits, statements, obligations and requirements" shall be imposed upon all mutual insurance companies existing under the laws of such other state, and doing business here; and also upon their agents.

By the law of Massachusetts (Laws of 1854, 773, ch. 331, sec. 1) it is provided, in substance, that no foreign insurance company shall make any insurance on property within that state, nor contract for any insurance with any party resident there, until it has complied with the provisions of that act.

By section 4 of chapter 23 of the Massachusetts General Laws (Ed. 1854, 845), it is provided that no person shall be allowed to act as agent of any such foreign insurance company until such company and such agent shall

have complied with all the requirements of their laws, under a penalty of $1,000 for each offense.

It being now admitted that the plaintiff insurance company has not, in this state, complied with the provisions of these Massachusetts laws, the question is, how far these provisions are in force in New-Hampshire, and what is their effect upon this contract.

Our law, in its terms, imposes upon Massachusetts mutual insurance companies the same obligations and requirements that the laws of Massachusetts impose upon New-Hampshire insurance companies; and to determine what is the law here, we must look at the legislation in Massachusetts. There, as we have seen, the provisions are that no foreign insurance company shall make any insurance on property in Massachusetts, or make a contract of insurance with a party resident there, until it complies with the provisions of the act; nor shall any person act as agent for such company until such compliance. If these provisions are the law of New-Hampshire, in respect to Massachusetts companies, then there is a direct prohibition of contracts to insure property in this state, by such Massachusetts company, without there has been a compliance with the requisitions of the act; and the want of such compliance being admitted, and the property insured being in this state, and the parties insured resident here, the insurance would be invalid; and, therefore, there is no consideration for the note.

Are these provisions, then, the law of New-Hampshire? The substance of the Massachusetts enactment is, that until a compliance with certain requisitions, by such foreign insurance companies, they can make no valid contract of insurance, in respect to property there situate, or with parties there resident. By imposing the same obligations and requirements upon their insurance companies, our law seeks to impose the same disabilities, namely, the inability to make a valid contract of insurance on prop-

erty· situated here, or with parties resident here. To require the same things to be done, but without subjecting the company to any legal disability for omitting them, is inconsistent with the manifest purpose of the act; nor does the language require such a construction. But it is said that the disability only extends to the agents of such companies; but we can not view it in that light, inasmuch as the obligations and requirements are imposed upon both the company and their agents; and we think that the compliance with such obligations and requirements must precede the power to make ·such contracts in New-Hampshire. If the suit was brought by the defendants to recover back money paid by them for such illegal insurance, the court would undoubtedly decline to lend its aid, provided the parties stood *in pari delicto,* and so would it be in the suit before us.

The contract of insurance, then, being invalid, the note declared on is without consideration, and this makes it unnecessary to consider the other.questions. There must, therefore, be

*Judgment on the verdict.*